# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

ROBERT B. ROUSH,

    Petitioner,

v.

WARDEN, ROSS
CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 2:18-cv-457
Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Kimberly A. Jolson

## ORDER AND
## REPORT AND RECOMMENDATION

    This is an action pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. Petitioner seeks release from confinement imposed pursuant to a state-court judgment in a criminal action. This case has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Columbus General Order 14-1 regarding assignments and references to United States Magistrate Judges.

    Petitioner has filed a Motion for Leave to Proceed *in forma pauperis*. (Doc. 1). Upon consideration, the undersigned finds the motion to be meritorious and it is **GRANTED.** Petitioner shall therefore be permitted to prosecute this action without prepayment of fees or costs and judicial officers who render services in this action will do so as if costs had been prepaid.

    This matter is also before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief . . ." If it

does so appear, the petition must be dismissed. *Id*. With this standard in mind, and for the reasons that follow, the Court recommends that the petition be dismissed.

## I. Facts and Procedural History

Petitioner challenges his February 3, 2012, conviction after a jury trial in the Franklin County Court of Common Pleas on four counts of gross sexual imposition, one count of disseminating matter harmful to a juvenile, and five counts of rape. The Ohio Tenth District Court of Appeals summarized the facts and procedural history of the case as follows:

> {¶ 2} On August 2, 2010, plaintiff-appellee, State of Ohio ("State"), indicted defendant on four counts of gross sexual imposition, felonies of the third degree, one count of disseminating matter harmful to a juvenile, a felony of the fourth degree, and five counts of rape, felonies of the first degree. The sole victim alleged in the charges was defendant's stepdaughter, K.R. The events giving rise to the indictment occurred between October 2007 and June 2010, when K.R. was between the ages of eight and eleven years old. The abuse came to light in July 2010 when K.R. was diagnosed with genital herpes.
>
> {¶ 3} Defendant had his case tried to a jury. K.R., who was 13–years old at the time of trial, testified before the jury; defendant also testified on his own behalf. After four days of trial, the jury found defendant guilty of each crime charged in the indictment. The court proceeded directly to sentencing, imposing a prison term of five years on each gross sexual imposition conviction, twelve months on the disseminating matter harmful to a juvenile conviction, and ten years to life on each rape conviction. The court ordered that defendant serve the gross sexual imposition and rape sentences consecutively to each other, for an aggregate prison term of 70 years to life. The court classified defendant as a Tier III sex offender.
>
> I. ASSIGNMENTS OF ERROR
>
> {¶ 4} Defendant appeal[ed], assigning the following errors:
>
> [I.] Counsel for the defense provided ineffective assistance to the Appellant during the trial in violation of the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Ohio Constitution.
>
> [II.] The Appellant suffered prejudice when Dr. Rodriguez was permitted over objection to offer an opinion which bolstered the veracity of [K.R.'s] statements and as a result the Appellant's right to a fair trial as memorialized in the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution was impugned.

> [III.] The verdict was not supported by the manifest weight of the evidence.
>
> [IV.] The trial court erred in not merging the four gross sexual imposition convictions with the rape convictions in violation of R.C. Section 2941.25(A).
>
> [V.] The trial court erred in imposing consecutive sentences for the gross sexual imposition and rape convictions without making the necessary findings in violation of R.C. 2929.14(C)(4).

*State v. Roush*, 10th Dist. No. 12AP-201, ¶ 2-4, 2013 WL 3808173, at *1-2 (Ohio Ct. App. July 18, 2013). On July 18, 2013, the appellate court sustained the fifth assignment of error, but otherwise affirmed the judgment of the trial court, vacating Petitioner's sentence and remanding the case for re-sentencing. *Id.* at *19. Petitioner appealed, but on December 24, 2013, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Roush*, No. 2013-1414, 2013-Ohio-3162, 137 Ohio St.3d 1440 (Ohio Sup. Ct. Dec. 24, 2013). Subsequently, in an April 7, 2014, Re-Sentencing Judgment Entry, the trial court re-sentenced Petitioner to an aggregate term of seventy (70) years to life incarceration. Petitioner did not file an appeal.

More than two years and three months later, on July 21, 2016, Petitioner filed an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). On November 7, 2017, the appellate court denied the Rule 26(B) application as untimely and for failure to provide a sworn statement as required under Rule 26(B)(5), and alternatively, for failing to raise any genuine issue that would justify the reopening of the appeal. *State v. Roush*, No. 12AP-201, Memorandum Decision (Nov. 7, 2017). On February 28, 2018, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Roush*, 2017-1790, 2018-Ohio-723, 152 Ohio St.3d 1411 (Ohio Sup. Ct. Feb. 28, 2018).

On May 9, 2018, Petitioner filed this *pro se* Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner indicates that he intends to raise the same claims for review that

3

he presented in his Rule 26(B) application. (Doc. 1-1, PAGEID # 10). Thus, he asserts that he was denied the effective assistance of appellate counsel because his attorney failed to raise an issue regarding the results of a herpes test (claim one); that his convictions are void as based on evidence from closed criminal Case Number 10-CR-015758 (claim two); that the evidence failed to support his conviction (claim three); and that he was denied the effective assistance of counsel because his attorney failed to impeach or challenge the veracity of the alleged victim (claim four). However, this action is time-barred.

## II. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id*.

Here, Petitioner had thirty days from the date of the trial court's April 7, 2014, Re-sentencing Judgment Entry to file a timely appeal. He did not do so, and his judgment of conviction therefore became final under the provision of § 2244(d)(1)(A) on May 7, 2014, when the time period to file an appeal expired. *See Board v. Bradshaw*, 805 F.3d 769, 772 (6th Cir. 2015); Ohio App. R. 4(A). The statute of limitations began to run on the following day, and expired one year later, on May 8, 2015. Petitioner waited approximately three years, until May 2018, to file this habeas corpus Petition.

Significantly, Petitioner's Rule 26(B) application did not toll the running of the statute of limitations under 28 U.S.C. § 2244(d)(2), because the statute of limitations had already expired before he filed the Rule 26(B) application.[1] "The tolling provision does not ... 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003) (citing *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Additionally, Petitioner does not allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (In order to obtain equitable tolling of the statute of limitations, a litigant must establish that he has been diligently pursued relief and that some extraordinary circumstance stood in his way of timely filing) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Further, the record does not reflect that he acted diligently in pursuing relief, or that some extraordinary circumstances prevented his timely filing.

---

[1] The appellate court denied Petitioner's Rule 26(B) application as untimely and procedurally flawed, due to his failure to provide a sworn affidavit. Under these circumstances, the application was not "properly filed" and does not toll the running of the statute of limitations under 28 U.S.C. § 2244(d)(2). *See Board v. Bradshaw*, 805 F.3d at 776; *Ferguson v. Shewalter*, No. 1:10-cv-496, 2011 WL 2711415, at *4 (N.D. Ohio April 26, 2011) (citations omitted).

### III.   Recommended Disposition

For the foregoing reasons, the Undersigned **RECOMMENDS** that this action be **DISMISSED**.

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.

Date:  June 12, 2018                                                         */s/ Kimberly A. Jolson*
                                                                                              KIMBERLY A. JOLSON
                                                                                              UNITED STATES MAGISTRATE JUDGE