# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ROBERT B. ROUSH,**

    Petitioner,

v.

**WARDEN, ROSS CORRECTIONAL INSTITUTION,**

    Respondent.

**Case No. 2:18-cv-457**
**Chief Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Kimberly A. Jolson**

## OPINION AND ORDER

On June 13, 2018, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that this action be dismissed as barred by the one-year statute of limitations provided for under 28 U.S.C. § 2244(d). (ECF No. 6.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF No. 9.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 9) is **OVERRULED**. The *Report and Recommendation* (ECF No. 6) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner objects to recommendation of dismissal of this case as time-barred. He argues that the statute of limitations is an affirmative defense that must be raised by the Respondent, or waived, and further contends that his filing of a delayed application to reopen the appeal under Ohio Appellate Rule 26(B) tolled the running of the statute of limitations. Additionally, Petitioner asserts that this action is timely based on his actual innocence.

A District Court is permitted, but not obligated, to *sua sponte* address the timeliness of a federal habeas corpus petition, *Day v. McDonough*, 547 U.S. 198 (2006), and may do so when conducting an initial review under Rule 4. *See Wogenstahl v. Charlotte*, No. 1:17-cv-298, 2017 WL 3053645, at *2 (S.D. Ohio July 19, 2017) (citing *McDonough*, 547 U.S. at 198). As discussed by the Magistrate Judge, Petitioner's judgment of conviction became final under the provision of 28 U.S.C. § 2244(d)(1)(A) on May 7, 2014, when the time period expired to file an appeal from the trial court's re-sentencing entry. The statute of limitations began to run on the following day, and expired one year later, on May 8, 2015. Petitioner waited years later, until May 2018, to file this action. He did not file his delayed Rule 26(B) application until July 21, 2016, also after the statute of limitations had long since expired. Therefore, that action could not toll the running of the statute of limitations under § 2244(d)(2). *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (citation omitted).

The one-year statute of limitations may be equitably tolled upon a "credible showing of actual innocence." *See Cook v. Ohio*, No. 2:15-cv-02669, 2016 WL 374461, at *10 (S.D. Ohio Feb. 1, 2016) (citing *Souter v. James*, 395 F.3d 577, 602 (6th Cir. 2005)). Accordingly, "a petitioner whose claim is otherwise time-barred may have the claim heard on the merits if he can demonstrate through new, reliable evidence not available at trial, that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Yates v. Kelly*, No. 1:11-cv-1271, 2012 WL 487991, at *1 (N.D. Ohio Feb. 14, 2012) (citing *Souter*, 395 F.3d at 590). Actual innocence means factual innocence, not mere legal sufficiency. *See Bousely v. United States*, 523 U.S. 614, 623 (1998). However, the Petitioner must overcome a high hurdle in order to establish his actual innocence.

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome

> of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup,* 513 U.S. at 316, 115 S. Ct. 851, 130 L.Ed. 2d 808. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." Id. at 317, 513 U.S. 298, 115 S. Ct. 851, 130 L.Ed.2d 808 .... "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup,* 513 U.S. at 324, 115 S. Ct. 851, 130 L.Ed.2d 808. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id.* at 321, 513 U.S. 298, 115 S. Ct. 851, 130 L.Ed.2d 808.

*Souter,* at 589-90 (footnote omitted). "To invoke the miscarriage of justice exception to AEDPA's statute of limitations ... a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.' " *McQuiggin v. Perkins,* 569 U.S. 383, 399 (2013) (quoting *Schlup,* 513 U.S. at 327). Petitioner has failed to meet this burden here, and has provided no new reliable evidence in support of his claim of actual innocence. Thus, Petitioner has failed to establish he is entitled to equitable tolling under this exception.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher,* —U.S. ——. ——, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition

3

should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

The Court is not persuaded that reasonable jurists would debate this Court's dismissal of this action as plainly barred by the one-year statute of limitations provided for under the provision of 28 U.S.C. § 2244(d). The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that the appeal would not be in good faith and that an application to proceed in forma pauperis on appeal should be **DENIED.**

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

**IT IS SO ORDERED.**

7-10-2018
EDMUND A. SARGUS, JR.
Chief United States District Judge